RAMIRO GARCIA v. THE STATE.

No. 12469. Delivered April 10, 1929.
Rehearing denied May 8, 1929.

The opinion states the case.

No brief filed for appellant.

*A. A. Dawson* of Canton, State's Attorney, for the State.

CHRISTIAN, JUDGE.—The offense is possession of a still and mash for the purpose of manufacturing intoxicating liquor; the punishment confinement in the penitentiary for one year.

Operating under a search warrant officers searched a barn on appellant's premises and found therein two stills, a large quantity of mash, about two and one-half gallons of whiskey and several empty barrels which appeared to have contained mash. The officers testified that appellant said that the stills, mash and whiskey belonged to him. Appellant made a written statement at the time to the same effect. Appellant testified in his own behalf, denying that the stills, whiskey and mash belonged to him, and that he told the officers that same belonged to him. He said that he did not understand the nature of the instrument he signed and which had been introduced as his confession. He testified that he did not understand English, and, that being frightened, he signed the statement presented to him by the officers.

The court appropriately submitted the question to the jury as to whether the statement was voluntarily made by appellant, the instruction being in effect that if the jury had a reasonable doubt as to whether the statement was freely made without compulsion and that appellant understood its nature said statement would not be considered for any purpose. This instruction having been given in the main charge of the court there was no error in refusing to give appellant's special charge on the same subject.

Appellant objected to the introduction of the confession on the ground that it had not been voluntarily made. There was an issue as to whether the confession was voluntarily made, and, as above stated, this issue was submitted to the jury. Appellant testified to facts that might have justified the conclusion that the confession was not voluntarily made, whereas the officers testified to facts which, if believed, would have led to the conclusion that said confession was freely and voluntarily made by appellant. In this state of the record appellant was accorded his rights when the court submitted the issue to the jury. It follows that the court did not err in refusing to sustain appellant's objection to the reception in evidence of the confession.

We have examined all of appellant's contentions and fail to find reversible error.

The judgment is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

*Affirmed.*

### ON MOTION FOR REHEARING.

MORROW, PRESIDING JUDGE.—In his motion for new trial the appellant claimed to have new testimony upon the question of his ability to speak the English language. That was a controverted issue on the trial. The alleged new evidence could not be classified as coming within the rule pertaining to newly discovered evidence. It consists of the statement of acquaintances and persons among whom he had lived and with whom he had dealings, and who had had conversations with him from time to time and knew to what extent he understood and spoke the English language. The statute authorizing a new trial because of newly discovered evidence requires that the evidence be such as could not by diligence have been discovered before the trial. See Vernon's Ann. Tex. C. C. P., Vol. 3, Art. 753, subd. 6, p. 12, note 25.

The motion is overruled.

*Overruled.*